UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH G. REIMANN,

        Petitioner,

v.                                   Case No. 08-C-0744

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

On August 20, 2008, Petitioner Keith G. Reimann filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Reimann pled guilty to advertising child pornography for receipt or distribution in violation of 18 U.S.C. § 2251(d)(1)(A) and transporting and shipping child pornography in violation of 18 U.S.C. § 2252A(a)(1). He was sentenced to a term of 120 months of imprisonment for each offense to run concurrently, and a life term of supervised release upon his release from imprisonment.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Reimann asserts three

grounds for relief. First, he asserts his Sixth Amendment right to counsel was violated because counsel did not advise him fully of the consequences of his plea, failing to make a "complete disclosure of all information pertaining to the penalties set forth [in the plea agreement] as merely being advisory." More specifically, Reimann claims that his defense attorney led him "to believe that all conditions set forth in the PSI and Plea Agreement were the statutory penalties required. . . . [H]e was not fully informed that the penalties set forth were merely Advisory . . . ."

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). With respect to claims of ineffective assistance of counsel, however, a petitioner must show both that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Id*. at 687-91. Here, the record casts serious doubt upon Reimann's allegation that he was not informed that the terms of the plea agreement were not binding upon the Court. The plea agreement he signed stated, "[t]he defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range." *(United States v. Reimann*, No. 05-C-0206, Dkt. # 36, ¶ 15 (E.D. Wis.).) It also provided that "[t]he parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range." (*Id*. at ¶ 23.) Reimann signed the agreement beneath a statement acknowledging that his attorney had "reviewed every part of th[e] agreement with [him] and ha[d] advised [him] of the implications of the

2

sentencing guidelines." (*Id*. at 17.) He further indicated, "I am satisfied that my attorney has provided effective assistance of counsel." (*Id*.)

In addition, during the plea colloquy, the Court recounted the elements of the offenses with which Reimann was charged and the penalties each carried, emphasizing that unless an exception were found to apply, the minimum sentence Reimann would be facing upon conviction would be fifteen years imprisonment. The Court explained that up to a life term of supervised release could also be imposed, and described the meaning of supervised release. The Court also reviewed with Reimann the factors it would consider upon sentencing and the advisory nature of the sentencing guidelines. The Court reiterated that upon entering a guilty plea, Reimann would have no guarantee what his sentence would be, except that it would not exceed the maximum sentence permitted by law of fifty years of imprisonment. Reimann indicated that he understood these things. (*Reimann*, No. 05-C-0206, ECF Tape #060807, June 8, 2007, 9:10-9:25 a.m.)

Even if Reimann could prove, however, that counsel did not inform him that the Court had discretion to deviate from the sentencing guidelines and recommendation discussed in the plea agreement, he has not shown that he was prejudiced by his attorney's performance. Reimann does not allege that had he known the guidelines were advisory he would not have entered a guilty plea. Further, the plea agreement indicated that the offense of advertising child pornography for receipt or distribution carried a mandatory minimum sentence of a fifteen year term of imprisonment, the offense of transporting and shipping child pornography carried a mandatory minimum five year term of imprisonment, both offenses carried a mandatory special assessment of $100.00 and up to a life term of supervised release, and the government was to recommend a sentence not to exceed 150 months imprisonment. (*Reimann*, No. 05-C-0206, Dkt. # 36, at ¶¶ 6, 22.) But at Reimann's

3

sentencing, the court was informed that he had provided substantial assistance to the government, and he was ultimately sentenced to only 120 months imprisonment. Thus, even if Reimann believed that the Court was required to follow the government's recommendation, or impose the penalties described in the agreement, he did not experience prejudice when he was actually sentenced to a lesser term of imprisonment. Neither the $200 special assessment or the life term of supervised release imposed at Reimann's sentencing exceeded the penalties identified in the plea agreement. Therefore, Reimann can make no showing of prejudice, and he is not entitled to habeas relief as to his ineffective assistance of counsel claim.

As a second ground for relief, Reimann asserts that the indictment in the underlying case failed to allege the time and place of the charged offenses with sufficient specificity. Count One of the indictment charged Reimann with advertising child pornography for receipt or distribution "[b]etween approximately January 2005 and March 16, 2005, at Green Bay, in the Eastern District of Wisconsin, and elsewhere," and Count Two of the indictment charged him with transporting and shipping child pornography "[o]n or about January 11, 2005, at Green Bay, Wisconsin, in the Eastern District of Wisconsin, and elsewhere." (*Reimann*, No. 05-C-0206, Dkt. # 1, at ¶¶ 6, 8.) Reimann claims that the indictment was impermissibly vague in these respects.

"The minimum requirements of an indictment are established by the Fifth Amendment right to indictment by a grand jury and its double jeopardy bar, and the Sixth Amendment right of a defendant to be informed of the charges against him." *U.S. v. Garrott*, 124 F.3d 205, 1997 WL 547930, at * 1 (7th Cir. 1997) (citing *United States v. Roman*, 728 F.2d 846, 850 (7th Cir.), *cert. denied*, 466 U.S. 977 (1984)). Thus, "an indictment is sufficient if it 'first, contains the elements of the charged offense and fairly informs a defendant of the charge against him which he must

4

defend, and second, enables him to plead double jeopardy as a bar to future prosecution.'" *United States v. Locklear*, 97 F.3d 196, 199 (7th Cir. 1996), quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974). Here, Reimann does not challenge the sufficiency of the indictment's description of the nature of the charges against him, but contends that the "time, date, and place" should have been alleged in greater detail.

This claim should have been brought on direct appeal rather than in a § 2255 motion. "When an issue is not raised on direct appeal, but later attacked collaterally via a petition for post-conviction relief, the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice." *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002). "The cause and prejudice standard applies equally where a petitioner completely failed to appeal." *Williams v. U.S.*, 74 F.3d 1242, 1996 WL 4358, at *2 (7th Cir. 1996) (citing *Johnson v. United States*, 805 F.2d 1284, 1287-88 (7th Cir. 1986)). Reimann filed no direct appeal, and he has not attempted to show cause or prejudice. Even if his claim were not procedurally defaulted, however, it would provide no basis for relief.

Reimann frames his challenge to the sufficiency of the indictment as a jurisdictional challenge, entitling his second claim "Lack of Subject Matter Jurisdiction." To the extent he claims that deficiencies in the indictment deprived the Court of subject matter jurisdiction over the criminal proceeding against him, he is mistaken. The Seventh Circuit Court of Appeals has clarified that "district judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law." *United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) (emphasis in original) (holding that "errors in a non-frivolous indictment do not strip the district court of jurisdiction under [18 U.S.C.] § 3231").

5

Further, although he mentions the term "venue" in passing, Reimann does not suggest that he was tried in the wrong court. Rather, he claims that the facts set forth in the indictment were insufficient, such that he was denied his constitutional right to due process. (Pet. 13.) "In the absence of a waiver of improper venue, such a jurisdictional attack is an appropriate subject of a § 2255 proceeding . . . . [but] the sufficiency of an indictment may not be challenged in a § 2255 proceeding unless the indictment is so obviously defective as not to charge an offense under any reasonable construction." *Domer v. Smith*, 422 F.2d 831, 832 (7th Cir. 1969) (distinguishing between cases concerning "the jurisdictional question of venue" and cases "concerned directly with the sufficiency of the indictment itself, in terms of the facts and offenses alleged, upon which the indictment is based.") Here, Reimann challenges the factual sufficiency of the indictment. But the indictment was not clearly defective, nor was it so vague or open-ended as to the timing or location of the offenses charged to be constitutionally deficient. Indeed, the indictment identifies specific, though approximate, dates between which Reimann was alleged to have engaged in the offenses charged, and identifies Green Bay, Wisconsin as the city in which the offenses were alleged to have been committed. In sum, Reimann's challenge to the sufficiency of the indictment provides no basis for the relief he seeks.

Reimann's third and final purported ground for relief is somewhat difficult to discern, but appears a challenge to the Court's authority to sentence Reimann to a term of supervised release upon his release from imprisonment. Reimann claims that the Court may not impose both imprisonment and supervised release, because to do so would run afoul of the Double Jeopardy Clause. He also claims that supervised release is not a form of penalty authorized by statute.

6

Reimann's challenges to his sentence to supervised release should have been raised on direct appeal. Here, too, however, even if were not procedurally barred, his claim is without merit.

The Double Jeopardy Clause of the Fifth Amendment provides "no person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. Const. Amend. V. Reimann has not been tried or punished twice for the same offense. He has received a single sentence under a statute which allows the imposition of supervised release in addition to incarceration. Pursuant to 18 U.S.C. § 3583(k), "the authorized term of supervised release . . . for any offense under section . . . 2251, [or] 2252A, . . . is any term of years not less than 5, or life." Thus, it is clear that the imposition of supervised release is authorized by statute, and Reimann's sentence to a life term of supervised release upon his release from imprisonment does not run afoul of the Double Jeopardy Clause.

Reimann has failed to set forth cognizable claims under § 2255. Although he has filed a motion to proceed *in forma pauperis*, the Advisory Committee Notes to § 2255 Rule 3 clearly indicate that there is no filing fee associated with filing a § 2255 motion, and such proceedings are not civil actions for purposes of 28 U.S.C. § 1915.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2255 Cases.

**IT IS FURTHER ORDERED** that Reimann's motion for leave to proceed *in forma pauperis* is **DENIED** as moot.

Dated this   4th   day of September, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge